**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
LARRY and STEPHANIE EMERSON;      )
REVOCABLE TRUST OF CHARLEY L.     )
DAVIS; and REVOCABLE TRUST OF     )
ANNIE O. DAVIS,                   )
                                  )
              Plaintiffs,         )
                                  )
v.                                )   Case No. CIV-05-331-KEW
                                  )
KANSAS CITY SOUTHERN              )
RAILWAY CO.,                      )
                                  )
              Defendant.          )
```

## OPINION AND ORDER

This matter comes before the Court on Defendant'S Motion for Summary Judgment (Docket Entry #17) and Plaintiffs' Motion for Summary Judgment (Docket Entry #20). The Motions are at issue and ripe for ruling. Upon review and consideration of the briefs and accompanying evidence, this Court renders this ruling.

Plaintiffs[1] commenced this action on July 12, 2005 in the District Court in and for Sequoyah County, Oklahoma whereupon it was subsequently removed to this Court by Defendant on August 10, 2005 based upon diversity jurisdiction. Plaintiffs allege in their

---

[1] When this action was initiated, the named party plaintiffs were Larry and Stephanie Emerson, Doris Wallace, Revocable Trust of Charley L. Davis and Revocable Trust of Annie O. Davis. Since the filing of the subject Motions, Plaintiff Wallace has been dismissed from the case. Additionally, this Court has been informed by correspondence from Defendant's counsel and through Defendant's reply brief that Plaintiffs Larry and Stephanie Emerson have reached a compromise with Defendant and the parties "will submit an agreed order of dismissal with prejudice to the Court in the near future." *Correspondence from Defendant's Counsel C. Ryan Norton dated June 15, 2006*; Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment filed June 16, 2006. Based upon these developments and representations, this Court will only address the merits of the Motions as they pertain to the claims of the two Revocable Trust Plaintiffs.

initial pleading that Defendant, as the owner and operator of a railroad with tracks adjacent to Plaintiffs' property and "as an integral part of its maintenance", regularly replaces the wooden ties as they deteriorate and become unstable. Plaintiffs contend Defendant disposes of the old ties in the "drain way and on the right of way adjacent to the Plaintiffs' property." Plaintiffs state the ties represent hazardous waste "because of the constituents which they contain." Plaintiffs also allege Defendant regularly cuts down vegetation and disposes of it in the same right of way.

Plaintiffs contend Defendant also fails to "maintain the drain way" by allowing vegetation to grow and sediments to fill it. As a result of the

> disposal of railroad ties and maintenance practices, the drain way and culvert system adjacent to the Plaintiffs' properties simply does not function resulting in the flooding of Plaintiffs' properties on a regular basis.

Plaintiffs bring claims under Oklahoma law for trespass, unjust enrichment, public and private nuisance, negligence and negligence *per se*. Plaintiffs assert that as a result of Defendant's actions, they have suffered losses as a result of the destruction of structures located on their properties. Plaintiffs also seek the recovery of lost business income, damages for emotional distress and punitive damages.

During the course of discovery, Plaintiffs proffered answers to Defendant's interrogatories. In Defendant's Interrogatory No. 17,

2

it requests Plaintiffs to "describe in detail the actions you contend need to be performed n (sic) order to remedy the flooding problems described in the pleadings." In response, Plaintiff stated

> First and foremost – additional culverts or a railroad bridge/trestle should be installed to allow the unimpeded flow of surface storm water through and under Defendant's railroad must be installed. Second, resculpting of the drainway to its 1976 depth and configuration would restore the original design volume and enhance both flow and detention characteristics of the drainway. Almost as important is to continue the ordinary and common sense maintenance that was recently started, i.e. dispose of used railroad ties lawfully and off-site instead of throwing them into the drainage ditch, remove dead trees and vegetation and debris from the drainage ditch on a regular basis instead of allowing them to accumulate and block the drainage ditch. Defendant's recent maintenance work is a step in the right direction but still resulted in disposal of the dead trees and vegetation in a berm along the railroad track that reduced the volume of the stormwater reservoir.
>
> Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment filed June 16, 2006, Exh. A.

Defendant filed its request for summary judgment contending (1) federal preemption precludes Plaintiffs from pursuing their state law claims; and (2) Plaintiffs' claims are barred by the applicable statute of limitations. Alternatively, Defendant seeks partial summary judgment with regard to Plaintiffs' claims for trespass, unjust enrichment and punitive damages, contending these claims are not supported by the undisputed evidence. Plaintiffs, in turn, filed a summary judgment motion seeking partial relief. Plaintiffs assert they are entitled to summary judgment on their claims for

3

trespass and negligence *per se*.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983). The facts which necessary to evaluate whether federal preemption applies to Plaintiffs' state law claims are not in dispute. Since this Court finds preemption does prevent further prosecution of

Plaintiffs' claims, no other facts need be set forth or discussed further in this Order.

Congress has consistently exercised some level of regulatory control over the railroad industry. The 1877 Act to Regulate Commerce created the Interstate Commerce Commission which was empowered to regulate railway rates and prohibit rate discrimination, price fixing, and rebating. South Dakota v. Burlington Northern & Santa Fe Railway Co., 280 F.Supp.2d 919, 929 (D.S.D. 2003). The most recent attempt at regulation of this industry came in the form of the Interstate Commerce Commission Termination Act of 1995 (the "Act"). This Act established the Surface Transportation Board ("STB") to assume the regulatory functions previously held by the Interstate Commerce Commission. Jurisdictional exclusivity was vested in the STB over

> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State.

49 U.S.C. § 10501(b).

This provision makes it "manifestly clear that Congress intended to preempt . . . state statutes, and any claims arising therefrom, to the extent that they intrude upon the STB's exclusive

jurisdiction over 'transportation by rail carriers' and the 'construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities . . . .'" Railroad Ventures, Inc. v. Surface Transp. Bd., 299 F.3d 523, 563 (6th Cir. 2002).

Although the Act preempts forms of regulation, state laws which provide for the assertion of common law tort claims may regulate as effectively as other forms of preventative relief and are, therefore, subject to § 10501(b) preemption. Guckenberg v. Wisconsin Cent. Ltd., 178 F.Supp.2d 954, 958 (E.D. Wis. 2001). Indeed, numerous cases have held in a consistent fashion that the Act preempts state common law claims that affect railroad operations. Friberg v. Kansas City S. Railway Co., 267 F.3d 439, 444 (5th Cir. 2001); Maynard v. CSX Transportation, Inc., 360 F.Supp.2d 836, 840-41 (E.D. Ky. 2004); Pejepscot v. Industrial Park, Inc. v. Maine Central Railroad Co., 297 F.Supp.2d 326, 334 (D.Maine, 2003); Guckenberg, 178 F.Supp.2d at 958; Rushing v. Kansas City S. Railway Co., 194 F.Supp.2d 493, 500-01 (S.D.Miss.2001); South Dakota R.R. Auth., 280 F.Supp.2d at 934-35. As is often recognized in several of these cases, "[i]t is difficult to imagine a broader statement of Congress' intent to preempt regulatory authority over railroad operations" than is contained in the Act. CSX Transp., Inc. v. Georgia Public Serv. Comm., 944 F.Supp. 1573, 1581 (N.D. Ga. 1996).

6

In this case, Plaintiffs state that the manner in which they expect Defendant to rectify the drainage deficiencies along the track is to install "additional culverts or a railroad bridge/trestle." Clearly, any such measures bear directly upon the "practices," "operation," and "construction" in regard to Defendant's "facilities," namely the track in the affected area – matters which are expressly reserved to the exclusive jurisdiction of the STB. 49 U.S.C. § 10501(b). As such is the case, Plaintiffs' claims are preempted in their entirety.

Plaintiffs rely heavily upon the only case which gives them some basis to pursue this action in <u>Rushing</u>, *supra*. In that case, the court found most of the plaintiffs' claims to be preempted. However, in one brief statement, the court allowed one state law claim for nuisance and negligence to proceed in regard to a berm constructed by the railroad to reflect and absorb noise emissions originating from its rail yard. The plaintiffs in that case alleged the earthen berm allowed rainwater to pool on their property, ostensibly causing damages. The court had determined that claims arising from state laws which "would impose an impermissible economic regulation on the railroad industry" engaged the preemption doctrine. <u>Rushing</u>, 194 F.Supp.2d at 499. The earthen berm and the claims associated with it were found to "not directly relate to the manner in which the Defendant conducts its switching activities" and "would not implicate the type of economic regulation Congress was

7

attempting to prescribe when it enacted the [Act]."  Id. at 501.

The Rushing case is factually and legally distinguishable. Without doubt, the construction of a trestle and culverts beneath the track which Plaintiffs' seek does directly relate to the operation of Defendant's track and would adversely impact upon Defendant's economic activities.  As a result, this Court must conclude Plaintiffs' claims are preempted by the Act and fall within the exclusive jurisdiction of the STB.  In light of this Court's jurisdictional ruling, neither the remaining issues in Defendant's motion nor the merits of Plaintiff's motion will be addressed.[2]

IT IS THEREFORE ORDERED that Defendant'S Motion for Summary Judgment (Docket Entry #17) is hereby **GRANTED.**  Accordingly, the state law claims of Plaintiffs Revocable Trust of Charley L. Davis and Revocable Trust of Annie O. Davis are hereby **DISMISSED**.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (Docket Entry #20) is hereby **DENIED**.

IT IS SO ORDERED this 26th day of June, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

---

[2] This Court also will not address the argument set forth by Defendant in its response to Plaintiff's summary judgment motion concerning whether the Revocable Trust Plaintiffs are the proper parties to this action.  Preemption will bar the claims of any record title owner under the circumstances presented.