# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

REVOCABLE TRUST OF CHARLEY L. )
DAVIS; and REVOCABLE TRUST OF )
ANNIE O. DAVIS, )
 )
      Plaintiffs, )
 )
v. ) Case No. CIV-05-331-KEW
 )
KANSAS CITY SOUTHERN )
RAILWAY CO., )
 )
      Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment filed March 28, 2008 (Docket Entry #58). The Motion is at issue and ripe for ruling. Upon review and consideration of the briefs and accompanying evidence, this Court renders this ruling.

Plaintiffs Revocable Trust of Charley L. Davis and Revocable Trust of Annie O. Davis (collectively referred to as the "Trusts") are two trusts whose principal assets are residential rental properties located in and around the City of Sallisaw, Oklahoma. Defendant Kansas City Southern Railway Company ("KCSR") operates railroad tracks and maintains a storm water drain system immediately adjacent to the residential rental properties owned and operated by the Trusts.

The land where the properties were located became flooded after rains that occurred in 1986, 1992, 1996, 2000, and 2004. The Trusts' rental properties were damaged as a result of flooding. The Trusts allege in this action that the flooding and resulting

damage to the properties was attributable to KCSR's failure to maintain the storm drain system. Specifically, the Trusts contend KCSR improperly disposed of railroad ties and vegetation such that rain water backed up into the rental properties rather than draining through and under KCSR's railroad embankment and tracks. In this action commenced on July 12, 2005, the Trusts bring claims based in Oklahoma state law for trespass, unjust enrichment, public and private nuisance, negligence and negligence *per se*.

The Trusts concede that they are not seeking compensation for injuries sustained as a result of the 1986, 1992, 1996, and 2000 floods - those claims being clearly barred by the applicable two year statute of limitations. Okla. Stat. tit. 12 § 95. Indeed, the Trusts state as "undisputed facts" in their response that

> A. "Other than as such events support Plaintiffs' request that the issue of punitive damages be submitted to the jury, Plaintiffs do not make any claim for damages for the time period or events more than 2 years preceding the filing of this actions, as amended by the *First Amended Complaint*."
>
> B. "Plaintiffs do not make any claim for damages for lost income or destruction of the residential structure formerly physically located at 702 North Rogers, Sallisaw, OK."
>
> C. "Plaintiffs do [not] make any claim for damages attributable to the cost of installing aerobic sewage systems nor for the cost of any structural repairs that might be attributable to flood events and time periods prior to July of 2004."[1]

---

[1] Although the Trusts statement at paragraph C actually omits the word "not" where indicated by this Court's bracketed addition, the use of the word "nor" would lead this Court to believe the omission was a scrivener's error and not an intentional statement of the claim for

2

KCSR alleges in its request for summary judgment that (1) all claims are barred by the statute of limitations; and (2) the Trusts claims for unjust enrichment and punitive damages are not supported by the facts of the case.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that

---

damages asserted in this action. If this Court's interpretation is erroneous, the Trusts' counsel should so correct the record prior to the commencement of trial.

there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

**Statute of Limitations**

KCSR bases its contention that even the damages arising from the 2004 flood are barred by the two year statute of limitations upon the deposition testimony of Dr. Charley Davis, the trustee of the Trusts. Dr. Davis testified in his deposition taken on February 3, 2006 that the properties at issue in this case had not been occupied for the preceding five years, with the exception of one property which had been rented for storage. Relying upon this testimony, KCSR contends the conditions on the properties were "temporary injuries" and, therefore, "abatable." The statute of limitations for abatable injuries begins to run when the injury is suffered. Moneypenney v. Dawson, 141 P.3d 549, 553-554 (Okla. 2006)(citations omitted). Since the properties were not occupied prior to the 2004 flood, KCSR reasons that the statute of limitations had already run on any claim of compensation for the injuries suffered prior to that flood, barring all claims associated with the floods. KCSR characterizes any injury resulting from the 2004 flood as "inconsequential," given the prior inhabitability of the properties.

For their part, the Trusts offer an additional affidavit from Dr. Davis which essentially states the properties were habitable prior to the 2004 flood but that the fear of continued flooding made renting the properties untenable. The Trusts use of this post-deposition affidavit to refute KCSR's summary judgment motion

4

is, at best, disingenuous. Dr. Davis had clearly testified in his deposition that he considered the properties to be "uninhabitable." The massaging of this testimony through an affidavit is not looked upon with favor.

Nevertheless, factual disputes in the record make it impossible to entertain summary judgment at this stage of the proceedings. The fact an abatable injury occurred as a result of the prior floods does not preclude the Trusts from presenting evidence of additional, new injuries which might have occurred from the 2004 flood or which might have deteriorated an abatable condition to a permanent injury. The Trusts bear the same heavy evidentiary burden that they always have in presenting this case to a jury. The expired statute of limitations as to claims arising from the four prior floods has forced the Trusts to present clear evidence of the injuries attributable to the 2004 flood and only the 2004 flood.

Moreover, if urged by KCSR, this Court intends to present the jury with instructions and interrogatories pertaining to the statute of limitations issue. Based upon the jury's determination on the factual issues relevant to the statute of limitations issue, this Court may rule upon the legal issue of whether the claims attributable to the 2004 flood are barred.

**Unjust Enrichment**

KCSR also contends the Trusts claim for unjust enrichment is not supported by the factual record. KCSR asserts the Trusts must demonstrate "enrichment to another coupled with a resulting

5

injustice" to recover under this theory, citing several cases from Oklahoma courts. The Trusts contend it may proceed with its claim based upon certain case authority which permits recovery when one performs the statutory duty of another, presumably resulting in a windfall to the deficient party to the detriment of the performing party. The Trusts have asserted as a part of their negligence *per se* claim that KCSR failed to perform statutory duties in the disposal of the discarded ties and vegetation.

Enrichment can include a savings to the other party from expense or loss. N.C. Corff Partnership, Ltd. v. OXY USA, Inc., 929 P.2d 288, 295 (Okla. App. 1996)(citations omitted). KCSR is correct that not only must an enrichment be present but also a resulting injustice. Teel v. Public Serv. Co. of Okla., 767 P.2d 391, 398 (Okla. 1985). However, if the evidence demonstrates KCSR in fact enjoyed a savings in improperly disposing of ties at the expense of the Trusts and its properties, it is difficult to conceive of a more apparent injustice. As a result, summary judgment on this claim is inappropriate at this time.

**Punitive Damages**

In its final contention, KCSR seeks summary judgment on the Trusts claim for punitive damages. Necessarily, the merit of this element of damage will be assessed based upon the entirety of the record developed at trial. At this stage, the level of recklessness and culpability of KCSR alleged is sufficient to permit the claim to stand.

IT IS THEREFORE ORDERED Defendant's Motion for Summary Judgment filed March 28, 2008 (Docket Entry #58) is hereby **DENIED**.

IT IS SO ORDERED this 14th day of May, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE