## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

REVOCABLE TRUST OF CHARLEY L.     )
DAVIS; and REVOCABLE TRUST OF     )
ANNIE O. DAVIS,                   )
                                  )
            Plaintiffs,           )
                                  )
v.                                )     Case No. CIV-05-331-KEW
                                  )
KANSAS CITY SOUTHERN              )
RAILWAY CO.,                      )
                                  )
            Defendant.            )

### OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for
Summary Judgment filed March 28, 2008 (Docket Entry #57). The
Motion is at issue and ripe for ruling. Upon review and
consideration of the briefs and accompanying evidence, this Court
renders this ruling.

Plaintiffs Revocable Trust of Charley L. Davis and Revocable
Trust of Annie O. Davis (collectively referred to as the "Trusts")
are two trusts whose principal assets are residential rental
properties located in and around the City of Sallisaw, Oklahoma.
Defendant Kansas City Southern Railway Company ("KCSR") operates
railroad tracks and maintains a storm water drain system
immediately adjacent to the residential rental properties owned and
operated by the Trusts.

The land where the properties were located became flooded
after rains that occurred in 1986, 1992, 1996, 2000, and 2004. The
Trusts' rental properties were damaged as a result of flooding.
The Trusts allege in this action that the flooding and resulting

damage to the properties was attributable to KCSR's failure to maintain the storm drain system. Specifically, the Trusts contend KCSR improperly disposed of railroad ties and vegetation such that rain water backed up into the rental properties rather than draining through and under KCSR's railroad embankment and tracks. In this action commenced on July 12, 2005, the Trusts bring claims based in Oklahoma state law for trespass, unjust enrichment, public and private nuisance, negligence and negligence *per se*.

The Trusts allege in their summary judgment request that (1) they are entitled to judgment on their claim for trespass because the evidence is undisputed that the railroad caused the flooding; and (2) they are entitled to judgment on their claim for negligence *per se* because the evidence is undisputed that KCSR violated its statutory obligations.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106

S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

**Trespass**

The Trusts contend the evidence is not disputed that KCSR caused the flooding of the Trusts' residential rental properties, citing to the testimony of Larry Emerson, a former Plaintiff in this case. Mr. Emerson's testimony consists of his opinion that the railroad's actions or inactions caused the flooding and his testimony that

> The railroad master called me after the flood and apologized to me. Because he said, 'Larry, I knew it was flooding you.' He said, 'I kept turning these deals in.' He said, 'They kept kicking them out.' And he wanted me to know that it wasn't him that wasn't reporting it. He called my house.

Beyond the obvious evidentiary problems with this statement, the reliability and credibility of the declarant should be evaluated by the finder of fact. Moreover, the cause of the flood is disputed in the evidence by virtue of KCSR's expert hydrologist's opinion that the property was located in a 100 year flood plain and the 2004 rains were of record proportions. Giving

3

all reasonable inferences to the non-moving party, summary judgment is precluded by the evidentiary disputes in the record before this Court.

**Negligence *Per Se***

The Trusts also contend KCSR violated two Oklahoma statutes in the disposal of the railroad ties and vegetation. The first precludes "the owner of land" from damming a stream and preventing the "continued natural flow of the stream in an amount equal to that which entered his land . . ." Okla. Stat. tit. 59 § 60. KCSR's response consists solely of the reliance upon its own summary judgment motions which contends the negligence *per se* claim is barred by the statute of limitations. This Court has determined by separate Order that factual disputes preclude summary judgment on that issue. This Court is more concerned with the applicability of the identified statute to the facts of this case, since it applies to the owner of land and damming a stream. This Court will reserve ruling on this issue until further evidence is developed at trial on both the statute of limitations issue and the circumstances surrounding causation.

The second statute precludes the disposal of solid waste at "any site of facility" without a permit. Okla. Stat. tit. 27A § 2-10-301(A)(1). Again, KCSR provides little to challenge the applicability of this statute to the facts of this case. On the other hand, the Trusts provide no evidentiary support for the violation of this cited statute. Accordingly, this Court finds granting summary judgment without an adequate presentation of

4

evidence to be ill-advised.

KCSR also raises for the first time in its response a challenge to the Trusts' ownership of the subject residential rental properties. This Court declines to address this issue, since it is not necessary to do so to rule on the subject motion and because it is raised in the context of a response rather than a dispositive motion.

IT IS THEREFORE ORDERED Plaintiffs' Motion for Summary Judgment filed March 28, 2008 (Docket Entry #57) is hereby **DENIED.**

IT IS SO ORDERED this _14th_ day of May, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE