IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

REVOCABLE TRUST OF CHARLEY L. )
DAVIS; and REVOCABLE TRUST OF )
ANNIE O. DAVIS, )
 )
        Plaintiffs, )
 )
v. ) Case No. CIV-05-331-KEW
 )
KANSAS CITY SOUTHERN )
RAILWAY CO., )
 )
        Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion in Limine filed April 21, 2008 (Docket Entry #63). Plaintiff responded to the Motion and, although an expedited reply was permitted by Order of this Court, none was filed by Defendant.

Defendant Kansas City Southern Railway Company ("KCSR") seeks to exclude evidence of the floods that occurred on the subject property in 1986, 1992, 1996, and 2000 as irrelevant and prejudicial. KCSR contends damages arising from these incidents are barred by the applicable statute of limitations. Revocable Trust of Charley L. Davis and Revocable Trust of Annie O. Davis (collectively referred to as the "Trusts") and this Court agree with this legal proposition. KCSR fears the jury will consider the evidence from these events in assessing damages. In response, the Trusts assert evidence of the prior floods is relevant for historical background and to prove the basis for an award of punitive damages.

The presentation of this evidence does indeed create a problem

- for both litigants. The evidence is relevant to the Trusts for the presentation of its damage claims and relevant to KCSR to demonstrate how deteriorated the properties were at the time of the only actionable flood in 2004. Precluding the evidence simply does not permit the jury to ascertain all relevant facts in its deliberations. This Court is confident that a sufficiently strong limiting instruction may be presented to the jury and reinforced verbally by this Court to restrict the jury's consideration of the evidence. As a result, the Trusts, and KCSR for that matter, may present the evidence of the prior floods at trial. All counsel are forewarned that undue concentration on this evidence for a perceived improper purpose will be admonished during the trial.

KCSR also seeks to exclude evidence that might be presented at trial of the possibility of future flooding. The Trusts do not disagree to the exclusion of this evidence but requests that it be permitted to elicit testimony from expert witnesses of the effectiveness of remedial measures taken by KCSR if evidence of the remedial measures is introduced at trial. Based upon the information available to this Court at this time, evidence of the possibility of future flooding should not be introduced at trial until such time as it becomes relevant through the presentation of other evidence. However, before counsel presents any such testimony or evidence to the jury, he should approach this Court out of the presence of the jury and state his basis for doing so.

IT IS THEREFORE ORDERED Defendant's Motion in Limine filed April 21, 2008 (Docket Entry #63) is hereby **GRANTED**, in that evidence of the possibility of future flooding will not be presented at trial without the appropriate showing out of the presence of the jury. Further, the Motion is **DENIED**, in that evidence of the flooding which occurred in 1986, 1992, 1996, and 2000 may be presented at trial, so long as it is done so for a proper purpose.

IT IS SO ORDERED this 14th day of May, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE