IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

REVOCABLE TRUST OF CHARLEY L. )
DAVIS, and REVOCABLE TRUST OF )
ANNIE O. DAVIS, )
    )
        Plaintiffs, )
    )
v. ) Case No. CIV-05-331-KEW
    )
KANSAS CITY SOUTHERN )
RAILWAY CO., )
    )
        Defendant. )

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Amended Motion for Recovery of Legal Fees (Docket Entry #101). Plaintiffs filed their response to the Amended Motion. Additionally, this Court conducted a hearing on May 13, 2009 on the Amended Motion and received evidence and argument.

The history of this case is both extensive and circuitous - and most of which is not relevant to the determination of Defendant's entitlement to reimbursement for its attorneys' fees. This action was removed to this Court on August 10, 2005. Over simplifying to some degree, the then-Plaintiffs alleged Defendant damaged their property as a result of its failure to maintain the railroad right-of-way by clearing debris. After a ruling on the legal issue of preemption by this Court, a reversal of that Order at the Tenth Circuit Court of Appeals, and a jury trial, judgment was entered for Defendant on all claims on May 22, 2008.

Defendant sought the recovery of its attorney fees shortly thereafter. However, counsel was required by this Court to file and Amended Motion which appended all contemporaneous time and

expense records for review.

As a statutory foundation for its request for reimbursement, Defendant relies upon Okla. Stat. tit. 12 § 940, which provides in relevant part:

> A. In any civil action to recover damages for the negligent or wilful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs, and interest to be set by the Court and to be taxed and collected as costs of the action.

The "prevailing party" as that term is used in §940(A) is "the party for whom judgment is rendered." Underwriters at Lloyd's of London v. North American Van Lines, 829 P.2d 978, 981 (Okla. 1992). Defendant is clearly the prevailing party and is, therefore, entitled to recover a reasonable attorneys' fee.

Fees are sought by the following counsel in the referenced amounts:

C. Ryan Norton - 328.5 hours at $160.00 per hour = $52,560.00.
Rex M. Terry -    14.9 hours at $215.00 per hour = $ 3,203.50.
Gil Steidley -   141.6 hours at $150.00 per hour = $21,240.00.
                 Total fees sought in the Motion = $77,003.50.

At the hearing, Defendant sought to supplement its Amended Motion to include the time expended in filing and prosecuting its counsels' request for attorneys' fees, including counsel's appearance at the hearing. This supplement consisted of the following additional charges:

C. Ryan Norton -  17.30 hours at $160.00 per hour = $ 2,768.00.

Plaintiffs called Carol Seacat as their expert to testify as

2

to the reasonableness of Defendant's requested fees. She primarily challenged Defendant's use of two attorneys at trial and the expenditure of time of both Mr. Terry and Mr. Steidley up to trial. Ms. Seacat also contended counsel should not be compensated for travel time. She asserted the time set out by Defendant's counsel on the preemption issue presented for summary judgment was unreasonable. She concluded that in her opinion a reasonable fee would be $35,728.00.

Mr. Steidley was employed as local counsel when Mr. Norton and Mr. Terry, attorneys out of Arkansas, represented Defendant. Local counsel is required to actively participate in the preparation and presentation for trial in this District. Further, Defendant is entitled to the counsel of its choosing, whether they be from Oklahoma or Arkansas – but they must also employ local counsel. As a result, this Court finds Mr. Steidley's time to be both reasonable and necessary for Defendant's defense of this case.

Mr. Terry was primarily utilized to review Mr. Norton's work on the case. Such double billing for simple review is unreasonable and Mr. Terry's time expended for that purpose shall be reduced by the amount of time attributable solely to review of another attorney's work. After reviewing the time records, this results in a reduction of Mr. Terry's compensable time by 7.40 hours to 7.50 hours.

Additionally, travel time will be compensable at one half the traveling attorney's normal hourly rate, given that travel time represents time away from other compensable matters. After review

of the time records, this results in Mr. Steidley being allowed 7.8 hours in travel time at $75.00 per hour and Mr. Norton allowed 23.00 hours at $80.00 per hour.

Additionally, Defendant's attorney, Mr. Norton, expended 36.2 hours of time on the defense of the appeal of this Court's ruling on preemption. The question immediately posed by Defendant's request is whether this Court has the necessary jurisdiction to consider whether Defendant is entitled to and Plaintiffs are liable for appellate attorneys' fees and costs. The Oklahoma Supreme Court has determined that §940(A) permits the prevailing party to recover fees and costs "for legal services rendered in the appellate court." Sisney v. Smalley, 690 P.2d 1048, 1051 (Okla. 1984). However, this allowance is tempered by the later statement by the same Court that the trial court

> cannot determine in a post-appeal proceeding a party's liability for appeal-related counsel fees incident to a terminated appeal unless such award has been authorized by an appellate court's pronouncement or by some of its post-decisional orders.
>
> Chamberlin v. Chamberlin, 720 P.2d 721, 727-28 (Okla. 1986)(citations omitted).

The Order and Judgment entered by the Tenth Circuit in this Court on October 16, 2007 contains neither an award of fees to Defendant nor a directive to this Court to determine the amount of fees to which Defendant might be entitled. Accordingly, without a determination from the Tenth Circuit that Defendant is indeed entitled to recover fees for the services of counsel incurred during the course of the appeal, this Court finds that it lacks the

requisite jurisdiction to determine the amount of the fees to which Defendant may or may not be entitled. As a result, Mr. Norton's time of 36.2 hours expended on the appeal will be deducted from the total award.

All other time reported in the time and expense records appears to have been reasonably and necessarily incurred in the valid defense of the claims brought by Plaintiffs. This Court specifically rejects Plaintiffs' position that since Oklahoma law permits recovery for fees on just two claims - negligence and willful injury to property - out of the six originally alleged, Defendant should not be able to recover attorney's fees altogether or the amount recovered should be directly attributable to these two claims. The claims in this case were inextricably intertwined to the extent it would be impossible to extract only the time expended on the property damage claims.

IT IS THEREFORE ORDERED that Defendant's Amended Motion for Recovery of Legal Fees (Docket Entry #101) is hereby **GRANTED**. Accordingly, Defendant is awarded its attorneys' fees expended in this case as modified as follow:

```
C. Ryan Norton - 286.6 hours at $160.00 per hour = $45,856.00.
                  23.0 hours at $ 80.00 per hour = $ 1,840.00.
Rex M. Terry -     7.5 hours at $215.00 per hour = $ 1,612.50.
Gil Steidley -   133.8 hours at $150.00 per hour = $20,070.00.
                   7.8 hours at $ 75.00 per hour = $   585.00.
                              Total fees awarded = $69,963.50.
```

IT IS SO ORDERED this 30th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE